1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LePATNER C3, LLC,                          CASE NO. 14-CV-758-H (JMA)

12                              Plaintiff,       **ORDER DENYING
                                                 DEFENDANT S' MOTIONS TO**
     vs.                                         **DISMISS**
13
                                                 [Doc. Nos. 8, 10, & 16]
14   THOMAS JEFFERSON SCHOOL OF
     LAW; EPSTEN GRINNELL &
15   HOWELL APC; and HUGHES
     ASSOCIATES, INC.;
16
                              Defendants.
17

18

19          On April 1, 2014, Plaintiff LePatner C3, LLC filed a complaint against

20   Defendants Thomas Jefferson School of Law, Epsten Grinnell & Howell APC, and

21   Hughes Associates, Inc. alleging copyright infringement under 17 U.S.C. §§ 501 et seq.

     (Doc. No. 1.) On April 23, 2014, Defendant Epsten Grinnell & Howell APC filed a
22
     motion to dismiss Plaintiff's complaint for lack of standing and failure to state a claim.
23
     (Doc. No. 8.) On May 19, 2014, Plaintiff filed its opposition. (Doc. No. 13.) On May
24
     23, 2014, Defendant filed its reply. (Doc. No. 14.) On April 29, 2014, Defendant
25
     Hughes Associates, Inc. filed a motion to dismiss Plaintiff's complaint for failure to
26
     state a claim. (Doc. No. 10.) On May 19, 2014, Plaintiff filed its opposition. (Doc.
27
     No. 12.) On May 23, 2014, Defendant filed its reply. (Doc. No. 15.) On May 28,
28

2014, the Court vacated a hearing scheduled for June 2, 2014, and submitted the motion.[1]  (Doc. No. 17.)  The Court denies Defendants' motions to dismiss.

### Background

According to Plaintiff's Complaint, Defendant Thomas Jefferson School of Law began a project to develop a new campus building ("the Project") in 2008.  (Doc. No. 1, Compl., ¶ 14.)  Plaintiff alleges that, in 2011, Defendant enlisted Plaintiff as a consultant to help resolve construction problems and create remediation plans for the Project. (Id. ¶ 17.)   The Complaint centers on two expert reports that Plaintiff commissioned as an agent for, and with the approval of, Defendant Thomas Jefferson School of Law.  First, on or about May 31, 2012, Plaintiff retained Dillon Consulting Engineers, Inc. to help remediate defects related to the Project's defective pressurization that included preparing an expert report (the "Dillon Report"). (Id. ¶ 21-23.)  Second, on September 12, 2012, Plaintiff retained CCRD to help remediate defects related to the Project's fire protection, HVAC/mechanical, and electrical engineering designs, including the preparation of technical drawings and another expert report (the "Smoke Control Testing Report").  (Id. ¶ 26-28.)

Dillon applied for and received a copyright registration, No. VAu 1-153-533, for the Dillon Report with an effective registration date of January 3, 2014. (Id. ¶ 25.) Plaintiff alleges that Dillon assigned all rights and interests in the copyright to Plaintiff. (Id.) CCRD applied for and received a copyright registration, No. VAu 1-153-528, for the Smoke Control Testing Report with an effective registration date of January 3, 2014. (Id. ¶ 30.)  Plaintiff alleges that CCRD assigned all rights and interests in this copyright to Plaintiff.  (Id.)  Plaintiff further alleges that Dillon and CCRD assigned to Plaintiff their rights to receive payment for these services.  (Id. ¶ 22 & 27.)

Plaintiff alleges that Defendant Thomas Jefferson School of Law "refused to pay

---

[1] On May 28, 2014, the parties filed a joint motion stipulating that Defendant Thomas Jefferson School of Law agreed to be bound by the Court's rulings on co-Defendants' pending motions to dismiss.  (Doc. No. 16.)  The Court, for good cause shown, grants the joint motion.

1   and instead terminated the services of the LePatner firms and their subcontractors

2   Dillon and CCRD."  (Id. ¶ 31.)  Plaintiff also alleges that Defendants continued with

3   the remediation project, hiring Defendant Epsten Grinnell & Howell APC as

4   replacement legal counsel and Defendant Hughes as a replacement engineering firm.

5   (Id.)  Plaintiff alleges that the Defendants continued to use the Dillon Report and the

6   Smoke Control Testing Report thereafter without paying Plaintiff.  (Id. ¶ 32.)

7                                   **Analysis**

8   **I.  Legal Standards for a Rule 12(b)(6) Motion to Dismiss**

9         A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

10   pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has

11   failed to state a claim upon which relief may be granted.  See Navarro v. Block, 250

12   F.3d 729, 732 (9th Cir. 2001).

13        A complaint generally must satisfy the minimal notice pleading requirements of

14   Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6)

15   motion.  Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that

16   a pleading stating a claim for relief contain "a short and plain statement of the claim

17   showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  "While a

18   complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

19   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

20   requires more than labels and conclusions, and a formulaic recitation of the elements

21   of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

22   (2007).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of

23   'further factual enhancement,'" and the reviewing court need not accept "legal

24   conclusions" as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

25   550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above

26   the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller,

27   Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

28        "To survive a motion to dismiss, a complaint must contain sufficient factual

1   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2   Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013)

3   (quoting Iqbal, 556 U.S. at 678). "Dismissal under Rule 12(b)(6) is appropriate only

4   where the complaint lacks a cognizable legal theory or sufficient facts to support a

5   cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,

6   1104 (9th Cir. 2008). In deciding a motion to dismiss, the court reviews the contents

7   of the complaint, accepting all factual allegations as true. Ashcroft v. al-Kidd, 131 S.

8   Ct. 2074, 2079 (2011). "[C]ourts must consider the complaint in its entirety, as well

9   as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to

10  dismiss, in particular, documents incorporated into the complaint by reference, and

11  matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues &

12  Rights, Ltd., 551 U.S. 308, 323 (2007).

13  **II. Analysis**

14      Defendant Epsten argues that Plaintiff lacks standing, that its complaint does not

15  adequately plead a cause of action for copyright infringement, and that California's

16  litigation privilege bars this suit.[2] (See Doc. No. 8-1.) Defendant Hughes also argues

17  that Plaintiff's complaint fails to satisfy the applicable pleading standard. (Doc. No.

18  10.) Plaintiff responds that its complaint adequately alleges facts to support its

19  standing and its copyright infringement claim, and argues that California's litigation

20  privilege does not bar this suit. (See Doc. Nos. 12 & 13.)

21      To pursue a claim in federal court, a plaintiff must have constitutional and

22

23      [2] Under California law, the litigation privilege immunizes litigants, witnesses,
24  and other participants "from liability for torts arising from communications made
    during judicial proceedings." Silberg v. Anderson, 50 Cal. 3d 205, 214 (1990) (citing
25  Cal. Civ. Code § 47). Defendant Epsten has not cited a case where California's
    litigation privilege bars a federal copyright infringement claim. (See Doc. Nos. 8 &
26  14.) Further, Defendant Epsten does not identify any entities or proceedings to which
    the privilege would apply in this case, relying instead on assertions in its motion that
27  the reports at issue were prepared for mediation or litigation purposes. (Doc. No. 8-1
    at 16.) The Court concludes that such arguments are better suited for a motion for
28  summary judgment on a more developed record. Accordingly, the Court denies
    without prejudice Defendant's motion to dismiss on grounds of privilege.

prudential standing. Where a plaintiff has suffered an injury in fact that is redressable by a decision in plaintiff's favor, it has constitutional standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). For prudential standing, a plaintiff must be asserting its "own legal rights as the real party in interest." Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004). Under Fed. R. Civ. P. 17(a), "[a]n action must be prosecuted in the name of the real party in interest." In a suit arising out of a copyright interest, the owner of the copyright "is the real party in interest and is entitled to sue for copyright infringement." Magnuson v. Video Yesteryear, 85 F.3d 1424, 1429 (9th Cir. 1996).

The Court takes judicial notice of the copyright registrations at issue in this case. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"). The public record shows that Randolph Tucker is the registered author and copyright claimant of the Smoke Control Testing Report, and that Michael Earl Dillon is the registered author and copyright claimant of the Dillon report. (Doc. No. 8-2, Epsten's Request for Judicial Notice, Exs. A & B.) Plaintiff alleges, and Defendants do not dispute, that Randolph Tucker is the principal of CCRD and Michael Earl Dillon is the principal of Dillon. (See Doc. Nos. 13 & 14.) As noted above, Plaintiff's Complaint alleges that CCRD and Dillon assigned all rights and interest in these copyrights to Plaintiff. (See Doc. No. 1, Compl., ¶¶ 25 & 30.) Further, the complaint alleges that "Plaintiff has a valid right, title, and interest in the Dillon Report and Smoke Control Testing Report." (Id. ¶ 34.) Plaintiff alleges that the owners of record assigned their interests to Plaintiff, stating sufficient factual detail that, if true, make a plausible case that Plaintiff is the real party in interest. Accordingly, Plaintiff has satisfied its burden to show both constitutional and prudential standing.

Defendants also argue that Plaintiff's Complaint fails to state a claim under the applicable pleading standard. (Doc. Nos. 8 & 10.) A claim for direct copyright

infringement is comprised of two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." <u>Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.</u>, 499 U.S. 340, 361 (1991).  As stated above, Plaintiff has adequately pled ownership of the copyrights at issue.  Plaintiff also alleges that Defendants "appropriated and converted the Dillon Report and the Smoke Control Testing Report . . . by using, and continuing to use, these copyrighted materials to remediate and complete the Project."  (Doc. No. 1, Compl., ¶ 32.)  Furthermore, Plaintiff alleges that Defendant Thomas Jefferson School of Law approved the reports at issue in connection with its project remediation plans (<u>id.</u> ¶¶ 21 & 26), and that the Defendants together proceeded with the remediation plan after refusing to pay Plaintiff for these and other services (<u>id.</u> ¶ 31).

Plaintiff has alleged facts that, if proved, state a plausible claim on which the Court may grant relief.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.  Accordingly, the Court denies without prejudice Defendants' arguments.  The Court notes that such arguments are better suited for a motion for summary judgment on a more developed record. <u>See</u> Fed. R. Civ. P. 56.

**IT IS SO ORDERED.**

DATED: May 30, 2014

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT